# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00173-RJC
# (3:05-cr-00046-RJC-DSC-1)

| | |
|---|---|
| JOSEPH MIKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. [Doc. 1]. For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, dismisses the Motion to Vacate.

## I. BACKGROUND

On November 4, 2005, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 851. [Criminal Case No. 3:05-cr-46 ("CR"), Doc. 25: Plea Agreement; Doc. 26: Acceptance and Entry of Guilty Plea]. Based on Petitioner's guilty plea and the § 851 notice filed by the Government, the Court sentenced Petitioner to the mandatory sentence of life imprisonment and entered Judgment on October 21, 2010. [CR Doc. 88: Judgment at 1-2]. Petitioner did not appeal this sentence. [Doc. 1 at 2]. On September 26, 2011, Petitioner timely filed a § 2255 motion through new counsel on the ground of ineffective assistance of counsel. [Civil Case No. 3:11-cv-00481-RJC ("CI"), Doc. 1: Motion to Vacate]. After the Government

responded, this Court denied and dismissed the Petitioner's motion on the merits and declined to issue a certificate of appealability. [CI Doc. 17: Order]. Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals. [CI Doc. 19: Notice of Appeal]. The Fourth Circuit dismissed Petitioner's appeal. [Id. at Doc. 21: Opinion]. The Mandate on the Fourth Circuit opinion issued on August 27, 2014. [Id. at Doc. 23: Mandate]. Over three years later, Petitioner filed a letter with the Court which the Court liberally construed as a Rule 60 motion for reconsideration of the Court's Order dismissing Petitioner's § 2255 motion. [Id. at Doc. 24]. The Court dismissed this motion for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate. [Id. at Doc. 25: Order].

Now, Petitioner again moves to vacate the same conviction and sentence. [Doc. 1]. Petitioner raises four claims of ineffective assistance of counsel in his motion to vacate. [Id.].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on April 5, 2019, seeking the Court to vacate his conviction and sentence in Criminal Case No. 3:05-cr-00046-RJC-DSC-1. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on September 26, 2011, and this Court denied and dismissed that motion to vacate on the merits. After the Petitioner's appeal

2

was dismissed, Petitioner filed a motion for reconsideration of the Court's Order under Rule 60, which the Court also denied as an unauthorized successive § 2255 petition. Thus, this is the third § 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:05-cr-00046-RJC-DSC-1.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition. The Court admonishes the Petitioner that any subsequent Section 2255 motions he

files with this Court regarding his conviction in Criminal Case No. 3:05-cr-46 without the required authorization from the Fourth Circuit Court of Appeals will be summarily dismissed.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge